IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PRIMA TEK II, L.L.C.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    **CAUSE NO 04-CV-486-WDS** |
| | ) |
| **VAN HOEKELEN GREENHOUSES,** | ) |
| **INC., and VAN HOEKELEN C.** | ) |
| **GREENHOUSES, INC.,** | ) |
| | ) |
|     **Defendants.** | ) |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is Plaintiff's Proposed Claim Construction Statement, which the Court construes as a motion to interpret patent claim, to which the defendants have filed a response.

According to defendants' response, there are no claim terms that are in dispute.[1] Therefore, at this time the Court finds that a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), is unnecessary. The Court **GRANTS** plaintiff's motion to interpret patent claim (Doc. 42) and adopts plaintiff's Proposed Statement as set forth in plaintiff's motion at pp. 6-13. The Court, however, reserves the right to revisit the issue of claim construction should defendants seek leave to amend their response after discovery is complete.

    **IT IS SO ORDERED.**

---

[1] The defendant's only objection to the proposed claim construction statement is that plaintiff has not submitted the complete record of the file histories of the three patents in suit. This is the subject of the current discovery dispute between the parties. Defendants state that if the review of the files which are the subject of the dispute reveals information that is relevant to claim construction, defendants will seek leave to amend their response to the proposed claim construction statement.

**DATED:   November 2, 2005.**

**s/ WILLIAM D.  STIEHL**
         **DISTRICT JUDGE**
