IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Prima Tek II. L.L.C., an Illinois** | ) | |
| **Limited Liability Company** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | NO. 04-CV-486-WDS |
| | ) | |
| | ) | |
| **Van Hoekelen Greenhouses, Inc., a** | ) | |
| **Pennsylvania Corporation,** | ) | |
| **C. Van Hoekelen Greenhouses, Inc.,** | ) | |
| **a Pennsylvania Corporation, and** | ) | |
| **Cok Van Hoekelen** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

**STIEHL, District Judge:**

The Court, pursuant to a Settlement Agreement entered into by the parties, hereby **ORDERS**:

1. The Court has subject matter jurisdiction over this matter under 35 U.S.C. § 271 *et* seq, and under 28 U.S.C. § 1338(a), which jurisdiction is exclusive of the courts of the states. This Court's jurisdiction is also founded under 28 U.S.C. § 1332(a), in that there is complete diversity between Plaintiff and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Venue is proper in this district under 28 U.S.C. § 1391.

2. Plaintiff, Prima Tek II, L.L.C. ("PTII") is an Illinois Limited Liability Company, organized under the laws of the State of Illinois and having its principal place of business in Highland, Illinois.  Its members are citizens of the States of Illinois, New Mexico, Oklahoma, Missouri, Texas, and the Country of Costa Rica.

3. Defendant Van Hoekelen Greenhouses, Inc. ("VHG") is a Pennsylvania

corporation with its principal place of business in McAdoo, Pennsylvania, and is a citizen of Pennsylvania.

4. Defendant C. Van Hoekelen Greenhouses, Inc. ("CVHG") is a Pennsylvania corporation with its principal place of business in McAdoo, Pennsylvania, and is a citizen of Pennsylvania.

5. Defendant Cok Van Hoekelen ("CVH") is a citizen of the State of Pennsylvania. VHG, CVHG, and CVH are referred to herein collectively as "VAN HOEKELEN."

6. On March 8, 2006, the parties settled all claims in this litigation and entered into a settlement agreement. This settlement agreement is attached as Exhibit A hereto (hereinafter referred to as the "SETTLEMENT AGREEMENT").

7. The SETTLEMENT AGREEMENT (Exhibit A, attached) shall govern the relationship of the parties with respect to the subject matter thereof and shall have an effective date of March 8, 2006. The SETTLEMENT AGREEMENT (Exhibit A, attached) is approved by the Court.

8. This Court retains jurisdiction over this matter and the parties for the limited purpose of: (i) enforcing this Order, and (ii) construing, implementing and enforcing the SETTLEMENT AGREEMENT (Exhibit A, attached).

9. Any action brought relating to this Order and/or the SETTLEMENT AGREEMENT (Exhibit A, attached) shall be brought in the United States District Court for the Southern District of Illinois. Plaintiff and Defendants have waived, to the fullest extent they may effectively do so, any objection either party may have to such venue, or any defense of any inconvenient forum to the maintenance of any such action or proceeding.

10. This action is hereby **DISMISSED with prejudice**. No damages are awarded to

Plaintiff or Defendants, and each party shall pay its own costs and attorney fees.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

DATED this 15th day of March, 2006.

                                              s/*WILLIAM D. STIEHL*
                                            United States District Judge